UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| CORY CARICO, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | NO. 1:09 CV 018 JM |
| MARK HODGES, Sheriff, *et al.*, | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Cory Carico, a *pro se* prisoner, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that Whitley County Jail officials violated his federally protected rights. Pursuant to 28 U.S.C. § 1915A(a), the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

The pleading standards in the context of a motion to dismiss for failure to state a claim are that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). In the context of *pro se* litigation, the Court stated that "[s]pecific facts are not

necessary" to meet the requirements of Rule 8(a). The Court further noted that a "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 127 S.Ct. 2197, 2200 (2007).

In his complaint, Carico states that the Whitley County Jail has a grievance procedure, but that he did not present his claim to jail officials in a grievance. He states that he did not file a grievance because "the remedies available under the grievance system at this facility are inadequate to compensate plaintiff for his Constitutional violations." (Complaint at p. 2). Failure to exhaust administrative remedies is an affirmative defense, but if a plaintiff "pleads facts that show his suit is time-barred or otherwise without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied*, 511 U.S. 1085 (1994).

Pursuant to 42 U.S.C. § 1997e(a), prisoners must utilize any available prison or jail grievance procedure before they may file a § 1983 claim regarding conditions of confinement. *Booth v. Churner*, 532 U.S. 731 (2001); *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 537 (7th Cir. 1999). Section 1997e "applies to 'all inmate suits, whether they involve general conditions or particular episodes, and whether they allege excessive force or some other wrong.'" *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002), quoting *Porter v. Nussle*, 534 U.S. 516, 122 (2002).

2

Although not depriving the courts of subject-matter jurisdiction, the comprehensive administrative exhaustion requirement requires dismissal of any case in which an available administrative remedy has not been exhausted. *Massey v. Wheeler*, 221 F.3d 1030 (7th Cir. 2000). "For a prisoner to exhaust his remedies within the meaning of § 1997e(a), he must 'file complaints and appeals in the place, and at the time, the prison's administrative rules require."' *Burrell v. Powers*, 431 F.3d. 282, 285 (7th Cir. 2005), quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Exhaustion of administrative remedies is a condition precedent to suit in federal court. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d at 335.

Carico concedes that he intentionally bypassed the jail's grievance procedure because he believed the grievance remedies were inadequate to compensate him for his Constitutional violations. But "[u]nder 42 U.S.C. § 19973(a), A prisoner must "complete a prison administrative process that could provide some sort of relief on the complaint stated . . .." *Booth v. Churner*, 532 U.S. at 734. "No one can know whether administrative requests will be futile; the only way to find out is to try."*Perez v. Wisconsin Dept. of Corrections*, 182 F.3d at 537. "The Supreme Court has also noted that corrective action taken in response to a grievance might satisfy the prisoner, thus obviating the need for the litigation, or alert prison authorities to an ongoing problem that they can correct." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006), citing *Porter v. Nussle*, 534 U.S. at 524-25. So long as a prisoner may obtain some sort of relief from the grievance process, he must exhaust his administrative remedies. After he has exhausted his administrative

3

remedies, the prisoner may then file a civil action seeking damages or other relief not available in the grievance procedure.

Because Carico intentionally bypassed the Whitley County Jail's grievance procedure, he has intentionally failed to exhaust his administrative remedies, and the court must dismiss his civil complaint. Dismissal of a complaint pursuant to 28 U.S.C. § 1997e(a) should be without prejudice, *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004), in the event that the plaintiff can remedy his exhaustion problem and return to court.

For the foregoing reasons, the court **DISMISSES** this complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

**SO ORDERED.**

DATE: May 4, 2009

 s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT